# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan Humphrey Lefkow | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 92 C 1982 | **DATE** | 11/26/2002 |
| **CASE TITLE** | Memisovski, et al. vs. Jackie Garner, et al. | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐   Filed motion of [ use listing in "Motion" box above.]

(2)  ☐   Brief in support of motion due _____.

(3)  ☐   Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐   Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐   Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐   Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐   Trial[set for/re-set for] on _____ at _____.

(8)  ☐   [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐   This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
        ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)  ■   [Other docket entry]   Enter memorandum opinion and order. Plaintiffs' motion to withdraw and substitute representative class members [185-1] is granted. Peter Galan Puentes, Gloria Puentes Galan, and Esmeralda Puentes Galan by their mother and next friend Lisa Hannum are substituted as class representatives for the Class B plaintiffs. Michael Sampson is dismissed from this action with prejudice as plaintiff in his own name and as representative of the Class B plaintiffs. Susan Sampson, the mother and next friend of Michael Sampson, is dismissed from this action with prejudice.

(11)  ■   [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | **5** | **Document Number** |
| ✓ | Notices mailed by judge's staff. | number of notices | |
| | Notified counsel by telephone. | NOV 2 7 2002 | |
| | Docketing to mail notices. | date docketed | 234 |
| | Mail AO 450 form. | | |
| ✓ | Copy to judge/magistrate judge. | docketing deputy initials | |
| | | 11/26/2002 | |
| IS | courtroom deputy's initials | date mailed notice | |
| | | IS | |
| | | mailing deputy initials | |

CLERK U.S. DISTRICT COURT

02 NOV 26 PM 4: 50

date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MEMISOVSKI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 92 C 1982 |
| | ) | |
| v. | ) | Judge Joan Humphrey Lefkow |
| | ) | |
| JACKIE GARNER, Director of the | ) | Magistrate Judge |
| Illinois Department of Public Aid, et al., | ) | Martin C. Ashman |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' motion to withdraw and substitute representative class

members. For the following reasons, Plaintiffs' motion is granted.

Plaintiffs filed this action over ten years ago. At that time, two separate classes were

certified. The second class, or "Class B" is comprised of the following:

> All children (persons under the age of 18) in Cook County, Illinois
> who, on or after July 1, 1990 have been, are, or will be eligible for
> the Medical Assistance Program ("Medicaid") established under
> Title XIX of the Social Security Act.

Plaintiffs brought this motion in April of 2002 to withdraw named plaintiff Michael

Sampson, by his mother Susan Sampson, as a class representative, and to add as class

representatives Peter Galan Puentes, Gloria Puentes Galan, and Esmeralda Puentes Galan, by

their mother Lisa Hannum (the "Hannum Children").[1] Before this present motion was fully

briefed, named plaintiffs Joseph and Adam Hassan, by their mother Michelle Hassan, were

---

[1] Plaintiffs also requested leave to add Colleen Wing as a class representative. This
motion was subsequently withdrawn by Plaintiffs.

dismissed with prejudice. Defendants oppose the motion to substitute the Hannum Children as class representatives.

Under the well-known Rule 23(a) of the Federal Rules of Civil Procedure, members of a class may sue as representatives of the class if "there are questions of law or fact common to the class . . . the claims or defenses of the representative parties are typical of the claims or defenses of the class, and . . . the representative parties will fairly and adequately protect the interests of the class." First, the Court finds that the Hannum Children are members of Class B because, as stated in the plain language of the class certification order, all three children are "eligible for [Medicaid]."[2]

Next, Defendants argue that the Hannum Children are not appropriate class representatives because they do not meet the three requirements listed above.[3] The gist of Defendants' arguments is that the Hannum Children are not appropriate representatives because they are eligible for Medicaid by virtue of an adoption assistance agreement between their mother and the Illinois Department of Children and Family Services ("DCFS"). Under the agreement, the Hannum Children are eligible for Medicaid and also receive medical services outside of Medicaid as paid for by DCFS. The Hannum Children fall under Medicaid "Category 98" which means they receive the same preventative and follow-up services as children in the other

---

[2] In Defendants' Surreply to Plaintiffs' Amended Reply Memorandum in Support of Their Motion to Substitute Representative Class Members at page 3, Defendants concede that the Hannum Children are members of Class B because they are eligible for Medicaid. Later, in oral argument, Defendants stated that Hannum Children are not members of the class.

[3] Defendants do not contest that the numerosity requirement of Rule 23(a)(1) has been met.

categories. The pool of physicians the children can go to is the same, with the exception that managed care is not available to Category 98 cases.[4]

Contrary to the Defendants' arguments, the Court finds that the claims of the Hannum Children raise questions of law and fact that are common to the class. The issue in this case is whether the system in place for the delivery of services under Medicaid to children in Illinois is compliant with federal law, specifically, this question deals with access to physicians and to screening services and corrective treatment. It is not important how the Hannum Children qualify for Medicaid, or which state agency the children's mother turns to when she has a question or needs additional assistance with their medical care. The children are eligible for Medicaid and their claims with respect to locating physicians and securing preventative care and corrective treatment raise questions of law and fact common to the other class members.

Additionally, the claims of the Hannum Children are typical of the other class members. They are eligible for Medicaid, and yet contend that the Medicaid benefits do not comply with federal law. The Hannum Children's mother has had difficulty finding physicians in her area that will accept Medicaid and has at times had to petition DCFS for additional money to secure medical care for her children. Furthermore, the Hannum Children will fairly and adequately protect the interests of Class B. Their attorneys are qualified and the children's mother is highly educated and articulate. The interests and concerns of the Hannum Children are the same as the other Class B members, without regard to how they qualify for Medicaid or what state agency manages their case. Defendants' other arguments, such as their argument that the Hannum

---

[4] Any children in Cook County who are eligible for Medicaid and who are classified under Category 98 are also members of Class B.

- 3 -

Children have been receiving adequate medical care, go to the merits of the Hannum Childrens' claim, not to whether they are appropriate class representatives.

For the foregoing reasons, Plaintiffs' motion to substitute as class representatives for the Class B plaintiffs Peter Galan Puentes, Gloria Puentes Galan, and Esmeralda Puentes Galan by their mother and next friend Lisa Hannum is granted.

Plaintiffs' motion to withdraw Michael Sampson, by his mother Susan Sampson, as a class representative is granted. Michael Sampson is dismissed from this action with prejudice as plaintiff in his own name and as representative of the Class B plaintiffs. Susan Sampson, the mother and next friend of Michael Sampson, is dismissed from this action with prejudice.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** November 26, 2002.

Copies have been mailed to:

JOHN M. BOUMAN, Esq.
National Center for Poverty Law
205 West Monroe Street
2nd Floor
Chicago, IL 60606

STEPHANIE F. ALTMAN, Esq.
THOMAS YATES, Esq.
SSI Coalition for a Responsible
    Safety Net
205 West Monroe Street
2nd Floor
Chicago, IL 60606

FREDEDRICK H. COHEN, Esq.
DANIEL P. SHAPIRO, Esq.
MATTHEW H. METCALF, Esq.
HILLARY LEVITT DUNN, Esq.
Goldberg, Kohn, Bell, Black,
    Rosenbloom & Moritz, Ltd.
55 East Monroe Street
Suite 3700
Chicago, IL 60603

Attorneys for Plaintiffs

JAMES C. O'CONNELL, Esq.
KAREN KONIECZNY, Esq.
JOHN E. HUSTON, Esq.
Assistant Attorneys General
160 North LaSalle Street
Suite N-1000
Chicago, IL 60601

Attorneys for Defendants